**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MASHIACH C. LASSITER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:26-cv-00322 (UNA) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| COURTS, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is currently before the Court on consideration of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Alabama, sues the "District of Columbia Courts," the "Clerk of Court," and two John Doe Metropolitan Police Department ("MPD") Officers. *See* Compl. at 1. He does not provide names or addresses for the latter three Defendants, in contravention of D.C. Local Rule 5.1(c)(1); *see Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997) ("there is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants."), *aff'd*, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998) (per curiam), and both the Superior Court for the District of Columbia and the D.C. Court of Appeals are *non sui juris*, *see Sibley v. U.S. Supreme Court*, 786 F.Supp.2d 338, 344–45 (D.D.C. 2011) (citing cases); *Featherston v. Dist. of Columbia Sup. Court*, No. 07-1933, 2009 WL 10713464, at *2 (D.D.C. May 5, 2009) (citing cases). Therefore, as pleaded, none of the named Defendants can be sued.

The allegations themselves fare no better. Plaintiff contends that Defendants denied him meaningful access to the courts, violating Title II of the Americans with Disabilities Act and his right to due process under the Fourteenth Amendment. *See* Compl. at 1. He broadly alleges that he "attempted to file time-sensitive objections to prevent the deprivation of his vehicle. The filings were rejected for non-substantive technical reasons[,]" that he was "denied assistance, accommodation, or a meaningful opportunity to cure defects. As a result, no hearing occurred and Plaintiff's vehicle was taken. These events constitute a denial of meaningful access to the courts and caused concrete injury." *See id.* He further alleges he "timely attempted to file post-judgment objections and motions, which were rejected on technical grounds without reasonable accommodation or opportunity to cure." *Id.* No timeline or dates are provided for these alleged events, nor any details or context regarding the seizure of his vehicle, or with respect to any related proceedings or attempted proceedings, administrative, judicial, or otherwise. Plaintiff demands damages and an injunction. *See id.* at 2.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint and its addendums fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Case 1:26-cv-00322-UNA    Document 8    Filed 04/27/26    Page 3 of 3

The instant Complaint does not provide the Defendants or the Court with adequate notice of a claim. Relevant here, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Id.* Plaintiff's allegations fall squarely into this category.

For these reasons, this case is dismissed without prejudice. Plaintiff's Motion for Appointment of ADA Coordinator, ECF No. 3, and Motion for Hearing, ECF No. 5, are denied as moot. A separate Order accompanies this Memorandum Opinion.


Date:   April 27, 2026                         _____/s/_____
                                                RUDOLPH CONTRERAS
                                                United States District Judge